UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES MICHAEL MUNRO,

    Petitioner,

v.

R. J. SUBIA, *et al.*,

    Respondents.

CASE NO. 2:07-cv-01404-RSL-JLW

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner at the Mule Creek State Prison in Ione, California. He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the Board of Parole Hearing's February 9, 2005, decision finding him unsuitable for parole. Currently before the Court are petitioner's three motions seeking a court order staying future parole hearings, board reports, and mental health evaluations pending resolution of this action. This Court construes petitioner's motions as motions for preliminary injunctive relief. Having reviewed these motions, petitioner's arguments, and the balance of the record, the Court recommends petitioner's motions be denied.

REPORT AND RECOMMENDATION -1

## DISCUSSION

The basic function of a preliminary injunction is to preserve the *status quo* pending a determination of the action on the merits. *Chalk v. U.S. Dist. Court Cent. Dist. of California*, 840 F.2d 701, 704 (9th. Cir. 1988) (quoting *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980)). The basis for injunctive relief in the federal courts is irreparable injury and inadequacy of legal remedies. *Weinberger v. Romero-Barcelo*, 465 U.S. 305 (1982). A court may issue an interlocutory injunction if plaintiff demonstrates "'either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor.'" *Clear Channel Outdoor Inc., a Delaware Corp. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (quoting *Walczak v. EPL Prolong, Inc*., 198 F.3d 725, 731 (9th Cir. 1999)); see also *Miller v. Cal. Pacific Med. Ctr*., 19 F.3d 449, 456 (9th Cir. 1994). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 874 (9th Cir. 2000); see also *Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir. 1998) (describing the two tests as "not separate [ ] but rather outer reaches of a single continuum").

Petitioner, by way of his motions, seeks to enjoin future parole hearings, board reports, and mental health evaluations by either the Board of Parole Hearings or the California Department of Corrections. On July 31, 2007, petitioner filed a motion seeking a court order

REPORT AND RECOMMENDATION -2

staying future parole hearings conducted by the Board of Parole Hearings until this action has been resolved.  (*See* Dkt. No. 3.)  On April 29, 2008, petitioner filed a second motion seeking a court order staying future parole hearings, board reports, and mental health evaluations until this action has been resolved.  (*See* Dkt. No. 10.)  On May 28, 2008, petitioner filed a third motion requesting the same relief as his second motion.  (*See* Dkt. No. 11.)

It is not clear this Court has jurisdiction over the parties whose actions petitioner is seeking to enjoin.  Even if this Court does have jurisdiction, however, petitioner fails to satisfy the Court that he is likely to prevail on the merits of his petition.  Petitioner fails to argue success on the instant petition is probable.  Petitioner also fails to show future parole hearings, board reports, or mental health evaluations will cause him to suffer irreparable injury.  If petitioner is found unsuitable for parole at a future parole hearing, nothing would prevent him from seeking review of the Board of Parole Hearing's decision by filing another habeas corpus petition.  If petitioner is found suitable for parole at a future parole hearing, he will have obtained the relief requested by this or any subsequent habeas corpus petition challenging the denial of parole.

As petitioner has demonstrated neither an overwhelming likelihood of success on the merits, nor a likelihood of irreparable harm absent the requested relief, this Court recommends petitioner's motions be denied.  A proposed order accompanies this Report and Recommendation.

Within twenty days after being served with this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties

REPORT AND RECOMMENDATION -3

1 are advised that failure to file objections within the specified time may waive the right to appeal

2 the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 23rd day of February, 2009.

_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION -4